IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BUDDHA ENTERTAINMENT, LLC, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GUS A. PALOIAN, not individually, but solely as Chapter 7 trustee for Canopy Financial, Inc., | ) ) ) ) | Civil Action No.: 12 C 5059 |
| | ) | Suzanne B. Conlon, Judge |
| Appellee. | ) ) | |
| _____ | ) ) | |
| In re: | ) ) | |
| CANOPY FINANCIAL, INC., | ) ) | |
| Debtor. | ) | |

## MEMORANDUM OPINION AND ORDER

On May 22, 2012, the United States Bankruptcy Court for the Northern District of Illinois ("the bankruptcy court") entered an order denying Buddha Entertainment, LLC's ("Buddha") motion to vacate its default order and default judgment pursuant to Fed. R. Civ. P. 60(b) and Fed. R. Bankr. P. 9024. *Paloian v. Buddha Entertainment, LLC*, Adv. Proc. No. 11-02144 (Wedoff, J.), Dkt. Nos. 22, 23. Buddha appeals.

### BACKGROUND

Canopy Financial, Inc., is a Delaware corporation, formerly headquartered in Chicago, Illinois. Adv. Proc. Dkt. No. 1 at ¶ 10. On November 25, 2009, Canopy filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the bankruptcy court. *Id.* at ¶ 2. On December 30, 2009, Canopy's Chapter 11 case was converted to one under Chapter 7 and the

plaintiff-appellee, Gus A. Paloian ("the trustee"), was appointed as the Chapter 7 trustee for Canopy's estate. *Id.* at ¶¶ 3, 7.

On October 18, 2011, the trustee filed an adversary proceeding against Buddha. Adv. Proc. Dkt. No. 1. Buddha operates "Tao" – a restaurant and nightclub in Las Vegas, Nevada. *Id.* at ¶ 10. The Trustee sought to recover four allegedly fraudulent transfers incurred by Canopy executives at Tao, claiming these exchanges were voidable under §§ 544(b), 550(a), and 548 of the Bankruptcy Code and Illinois' version of the Uniform Fraudulent Transfer Act, 740 ILCS 160/1 *et seq. Id.* at. ¶¶ 1, 2. On October 19, 2011, the Clerk of the Bankruptcy Court issued summons to Buddha. Adv. Proc. Dkt. No. 2. The trustee properly served the complaint and summons on Buddha's registered agent. *Id.*, No. 3.

Buddha's answer was due on November 16, 2011. *Id.*, No. 2. Buddha failed to answer and, on December 2, 2011, the Trustee filed a motion for default judgment. *Id.*, No. 9. The Trustee served the default motion and notice of motion on Buddha's registered agent. *Id.* Once again, Buddha did not respond. On December 13, 2011, the bankruptcy court granted the trustee's motion for default judgment and closed the adversary proceeding. *Id.*, Nos. 11, 12. On April 24, 2012, the Clerk of the Bankruptcy Court issued a certification of judgment for registration in another district. *Id.*, No. 13. Three days later, on April 27, 2012, the trustee commenced collection efforts, filing an affidavit and request for writ of execution with the United States Bankruptcy Court for the District of Nevada. *Id.*, No. 19, Ex. 4.

Approximately ten days later, on May 9, 2012, Buddha simultaneously filed a motion to reopen the adversary proceeding and a motion to vacate the default and default judgment. *Id.*, Nos. 15, 16. On May 22, 2012, the bankruptcy court denied both motions, orally ruling that Buddha had failed to establish good cause for its default. *Id.*, Nos. 22, 23. Buddha appeals the

bankruptcy court's denial of the motion to vacate the default and default judgment.[1]

## STANDARD OF REVIEW

This court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1). The bankruptcy court's conclusions of law are reviewed *de novo*. *In re ABC-Naco, Inc.*, 483 F.3d 470, 472 (7th Cir. 2007). Review of findings of fact are subject to a clearly erroneous standard. Fed. R. Bankr. P. 8013; *Meyer v. Rigdon*, 36 F.3d 1375, 1378 (7th Cir. 1994). A denial of relief under Fed. R. Civ. P. 60(b) is reviewed under the deferential abuse of discretion standard. *Re v. Re,* No. 09-3415, 2010 WL 4137433, at *1 (7th Cir. Oct. 20, 2010); *Arrow Rd. Const. Co. v. Bridgeview Bank Group*, 450 B.R. 769, 774 (N.D. Ill. 2011) (Norgle, J.). Because relief under Rule 60(b) is an extraordinary remedy only granted in exceptional circumstances, a court abuses its discretion only where no reasonable person could agree with the denial of relief. *Eskridge v. Cook Cnty.*, 577 F.3d 806, 809 (7th Cir. 2009).

## DISCUSSION

### I. The Bankruptcy Court's Denial of Buddha's Motion

The bankruptcy court denied Buddha's motion to vacate the default and default judgment in a brief oral ruling on May 22, 2012. Adv. Proc. Dkt. Nos. 22, 32. The bankruptcy court noted that vacating a default judgment requires the movant to show good cause for the default, quick action to correct it, and a meritorious defense. *Id.* (citing *Sun v. Board of Trustees*, 473 F.3d 799, 810 (7th Cir. 2007)). The bankruptcy judge acknowledged that the parties disputed whether there

---

[1] Buddha's appellant brief incorrectly states that it is also appealing the bankruptcy court's denial of its motion to reopen its adversary proceeding pursuant to Bankruptcy Rule 5010 and 11 U.S.C. §§ 105(a) and 350(b). Adv. Proc. Dkt. No. 23. The appeal involving the motion to reopen was assigned to the Honorable John F. Grady of the Northern District of Illinois as civil action 12 C 5058.

3

was prompt action to correct the default and whether there was a meritorious defense. *Id.* The bankruptcy judge did not explicitly rule on those two disputes, but rather concluded that Buddha had not shown good cause for its default. *Id.* The bankruptcy judge noted that "[T]he Seventh Circuit has said that once a default judgment is entered, good cause is not shown by the allegation that a registered agent failed to submit the pleadings to the defendant." *Id.* He also observed that Buddha had only presented state court decisions in favor of its argument and that "the federal procedure seems to be uniform that you are responsible for the acts of your registered agent." *Id.* Noting that he had considered the materials submitted by the parties, the bankruptcy judge concluded there were no grounds shown for vacating the default. *Id.*

## II. Buddha's Challenge to the Bankruptcy Court Decision

Buddha contends the bankruptcy court abused its discretion in denying its motion to vacate the default and default judgment because Buddha's failure to receive the complaint from its registered agent constitutes good cause for its default. In particular, Buddha argues the bankruptcy court incorrectly interpreted Seventh Circuit precedent regarding Rule 60(b) as unequivocally prohibiting a court from finding "good cause" when a party fails to receive process from its registered agent.

Buddha relies heavily on *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354 (7th Cir. 1997). In *Robb*, plaintiff's counsel asked defendant's counsel for a three-week extension to file a response to defendant's summary judgment motion. *Id.* at 356. Defendant's counsel agreed but plaintiff's counsel failed to properly notify the court of this agreement. *Id.* Summary judgment was subsequently granted to the defendant. *Id.* Plaintiff filed a Rule 60(b) motion, arguing that the failure of plaintiff's counsel to obtain court approval for the deadline modification was "excusable neglect" because defendant's counsel had agreed to the extension and plaintiff's

4

counsel had been distracted by other professional demands. *Id.* The district court judge reluctantly denied the motion, concluding that he lacked discretion to grant this relief due to a firm circuit rule that attorney carelessness or negligence could *never* constitute "excusable neglect." *Id.* at 357. On appeal, this order was vacated in light of the district court judge's mistaken assumption that there was a "hard and fast" circuit rule barring him from exercising discretion in determining whether "excusable neglect" could be found based on a missed filing deadline. *Id.* at 361. *Robb* noted that such a constraint would conflict with *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993). *Id.* *Robb* also noted that "the district judge made clear that he would have granted [the] 60(b)(1) motion if not for his perception that [he was] prohibited . . . from exercising discretion." *Id.* at 357.

Here, the bankruptcy judge's brief oral ruling fails to provide a nuanced overview of Seventh Circuit law regarding the extent to which a registered agent's failure to perform his duties may constitute "good cause." Adv. Proc. Dkt. No. 32. More precise words arguably could have been chosen. However, the bankruptcy judge did not erroneously indicate that he lacked the discretion to reach a particular conclusion in considering Buddha's motion. *Id.* Rather, he considered the parties' submissions and noted that Buddha failed to present any federal law in support of its position. *Id.* There is absolutely no indication that the bankruptcy judge, like the district court judge in *Robb*, was inclined to find "good cause" but felt constrained on account of a misperception of the law.

Additionally, the nature of the events leading to Buddha's default varies widely from those in *Robb*. There, plaintiff's counsel failed to give the court notice of an agreed-upon extension of time, prompting the district court judge to observe that the attorney's error was "minor" and did not amount to "flouting the rules or ignoring the case." 122 F.3d at 357. Here,

5

Buddha *did* significantly ignore the case twice by failing to respond to the complaint or the entry of default judgment and, by its own admission, never offered explanation for its failure to do so.

Buddha also draws the court's attention to *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 629 (7th Cir. 2009). In *Cracco*, the defendant failed to answer the complaint because its registered agent forwarded the summons and complaint to the wrong employees. The district court entered a default order but, prior to the entry of final judgment, vacated the order in response to a motion under Fed. R. Civ. P. 55(c). *Id.* at 629. The decision was affirmed. *Id. Cracco* is not relevant because it involved a motion under Fed. R. Civ. P. 55(c). *Id.* at 630. Although the same basic test applies to motions under Rules 55(c) and 60(b), the test is more liberally applied in the Rule 55(c) context. *Id.* In fact, *Cracco* specifically noted the "lenient standards that [the Seventh Circuit has] established for the application of Rule 55(c)." *Id.*

By way of contrast, granting a Rule 60(b) motion is recognized as an extraordinary remedy. *Eskridge*, 577 F.3d at 809 (7th Cir. 2009). *Robb* and the myriad district court decisions cited by both parties reinforce the leeway afforded to judges in making the highly fact-specific decision of whether "good cause" has been established.[2] In moving to vacate the default judgment, Buddha solely presented affidavits from two employees who were generally forwarded legal materials from its registered agent; both employees declared that they had no independent recollection of having seen the complaint. Adv. Proc. Dkt. No. 19, Exs. F, G. Buddha did not

---

[2] *See, e.g, Dana Commercial Credit Corp. v. Genesis Communications, Inc.*, 95 C 5243, 1996 WL 501740, at *1 (N.D. Ill. Sept. 3, 1996) (Anderson, J.) (no good cause, "or indeed *any* cause," for setting aside a default judgment based on a registered agent failing to forward an amended complaint when he did not know he was the defendant's registered agent); *OCE N. America v. Aromerica, et al.*, 10 C 2885, 2011 Dist. LEXIS 135021, at *3-4 (N.D. Ill. Nov. 22, 2011) (Manning, J.) (no good cause for failing to respond to a complaint where the registered agent failed to deliver the complaint).

present an affidavit from the registered agent or otherwise provide an explanation for the agent's apparent failure to perform. In fact, Buddha admits in its appellate reply brief that it presented the bankruptcy court with absolutely no evidence as to why it did not respond to the complaint. Dkt. No. 15 at 2, fn. 1.

The bankruptcy judge's denial of Buddha's motion correctly stated the applicable legal standard for relief under Fed. R. Civ. P. 60(b), which requires a showing of good cause for the default, quick action to correct the default, *and* a meritorious defense. *Sun*, 473 F.3d at 810. Upon reviewing the record with appropriate deference to the lower court, this court concludes that the bankruptcy judge did not abuse his discretion in finding that the limited materials presented by Buddha do not constitute "good cause" for its default. Because Buddha failed to satisfy this essential element for relief under Fed. R. Civ. P. 60(b), the bankruptcy judge's failure to explicitly consider the other two necessary elements does not suggest a misapplication of the applicable standard.

## CONCLUSION

The bankruptcy court did not abuse its discretion in denying Buddha's motion to vacate the default and default judgment pursuant to Fed. R. Civ. P. 60(b) and Fed. R. Bankr. P. 9024. Accordingly, the bankruptcy court's order of May 22, 2012 is affirmed.

ENTER:

Suzanne B. Conlon

August 31, 2012

United States District Judge